UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOHN ROGERS** ) | **CASE NO. 4:03 CV 1899** |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| **v.** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **CITY OF WARREN, et al.** ) | **ORDER** |
| ) | |
| **DEFENDANTS** ) | |

**I.     BACKGROUND**

This matter is before the Court upon the Order to Show Cause issued on March 8, 2006. See (Dkt. # 67).

Attorney Richard Olivito, as counsel for the Plaintiff, John Rogers, filed the present matter on September 9, 2003 against the defendants, the City of Warren (the "City"), James Hipple ("Hipple"), a John Doe officer and Chief Mandopoulos (the "Chief"). See (Dkt. # 1). The Complaint asserted claims against the Chief and Hipple in their official and individual capacities. See (Dkt. # 1). The Complaint was one of several filed by Attorney Olivito against the City of Warren stemming from alleged police misconduct. See Simpson v. City

of Warren, 4:03CV1635; Clay v. City of Warren, 4:03CV1636; Dotson v. City of Warren, 4:03CV1696; Hogan v. Kistler, 4:03CV1925; Kimble v. Hoso, 4:03CV2379.

The defendants filed their responsive pleading on September 24, 2003 asserting various affirmative defenses including absolute, qualified and Ohio statutory immunities. See (Dkt. # 4).

The Court held a Case Management Conference on October 17, 2003. The Court engaged in its customary practice of staying discovery in order to address qualified immunity. See (Dkt. # 10). The Court afforded the parties until January 19, 2004 in which to fully brief the issue. See (Dkt. # 10). The Court additionally ordered to the Plaintiff to amend his complaint for clarity purposes. See (Dkt. # 10).

The Plaintiff filed his amended complaint on October 24, 2003.[1] See (Dkt. # 13). The defendants filed their responsive pleadings on October 30, 2003. See (Dkt. # 17).

The defendants filed their motion for summary judgment on December 1, 2003 seeking judgment in their favor on all claims (irrespective of whether the claims were advanced against the defendants in their individual or official capacities). See (Dkt. # 19). The defendants contemporaneously filed motions to show cause relating to Attorney Olivito's discovery requests. See (Dkt. # 18). On the date the responses to said motions were due, the Plaintiff requested a sixty days continuance. See (Dkt. # 21). The Court granted a 45 day continuance. At the expiration of the period, the Plaintiff again requested

---

[1] It is noteworthy that the amended complaint appeared to be missing a page as paragraphs 5-12 were omitted.

additional time to file responses. See (Dkt. # 24). The Court granted the motion – over defendants' objections – and ordered that responses be filed on or before March 5, 2004. The Plaintiff filed responses on said date and the defendants filed their replies on March 22, 2004. See (Dkt. # 27; Dkt. # 36).

On April 13, 2004, the Court issued a Memorandum Opinion and Order denying in part and granting in part the defendants' motion for summary judgment. See (Dkt. # 38). In said order, the Court construed the Amended Complaint as alleging the following claims: (1) Count One – violations of the Fourth Amendment (excessive force) as vindicated pursuant to 42 U.S.C. § 1983 against Hipple; (2) Count II – unconstitutional policy of excessive force as vindicated pursuant to 42 U.S.C. § 1983 against the City; (3) Count III – failure to train claim pursuant to 42 U.S.C. § 1983 against the City; (4) Count IV – "City Liability" based on the Chief's role as a final policymaker pursuant to 42 U.S.C. § 1983; (5) Count V – a supervisory liability claim asserted against the Chief pursuant to 42 U.S.C. § 1983; and (6) Count VI – a failure to provide medical treatment claim against the "police officers" pursuant to 42 U.S.C. § 1983. See (Dkt. # 38). The Court declined to address the municipal liability claims on the basis that its prior briefing order pertained to the limited issue of qualified immunity. See (Dkt. # 38). The Court went on to deny the motion with regard to the excessive force claim against Hipple (Count I) and granted the motion with regard to the supervisory liability claim asserted against the Chief (Count V) and the failure to provide medical treatment claim (Count VI). See (Dkt. # 38).

On April 15, 2004, the Court ordered the Plaintiff to secure co-counsel under penalty of sanction prior to advancing with discovery. See (Dkt. # 39). The order emanated from Attorney Olivito's conduct in Kimble v. Hoso, 4:03CV2379, a companion case before this Court whereby Attorney Olivito failed to respond to pending motions for summary judgment as well as requests for admissions. See (Dkt. # 39).

On May 5, 2004, Attorney Clair Carlin filed an appearance on behalf of the Plaintiff. See (Dkt. # 40). The parties then filed a motion to stay the case pending mediation. See (Dkt. # 41). The Court granted the motion and referred the matter to United States Magistrate Judge George J. Limbert for a settlement/mediation conference. See (Dkt. # 42; Dkt. # 43).

Magistrate Judge Limbert scheduled a mediation conference for July 21, 2004 – however, the Plaintiff failed to appear on said date. See (Dkt. # 45). Magistrate Judge Limbert consequently issued Report and Recommendation advising that a show cause order issue arising from the Plaintiff's failure to appear. See (Dkt. # 45). In said Report and Recommendation, Magistrate Judge Limbert indicated that neither Attorney Olivito nor Attorney Carlin were able to contact the Plaintiff prior to the conference. See (Dkt. # 45).

This Court issued a show cause order on July 23, 2004 as to why this case should not be dismissed for failure to prosecute. See (Dkt. # 46). In response to the show cause order, Attorney Carlin indicated that he spoke with the Plaintiff on July 26, 2004. See (Dkt. # 47). The response further indicated that National Broadcasting Company ("NBC") had offered

the parties the opportunity to resolve the case through binding arbitration and that all parties had agreed to the offer. See (Dkt. # 47).

Two weeks later, Attorney Carlin filed a motion to withdraw as counsel. See (Dkt. # 48). In said motion, Attorney Carlin attached a letter from Attorney Olivito indicating that the City had withdrawn its agreement to proceed with arbitration and that the Plaintiff did not desire to have Attorney Carlin continue his representation. See (Dkt. # 48). The Court referred the motion to withdraw as well as the response to the show cause order to Magistrate Judge Limbert. See (Dkt. # 49).

Magistrate Judge Limbert then entered a series of orders effectively deferring ruling on the motions until Attorney Olivito secured co-counsel. See (Dkt. # 51; Dkt. # 52; Dkt. # 53). Ultimately, Attorney Steven L. Paulson filed an appearance on behalf of the Plaintiff. Magistrate Judge Limbert thereafter issued a Report and Recommendation advising that the Court grant Attorney Carlin's motion to withdraw and find that the Plaintiff had satisfied the show the cause order. See (Dkt. # 55). The Court adopted the Report and Recommendation. See (Dkt. # 65).

The Defendant filed a motion for summary judgment relating to Counts II-IV (the municipal liability claims) on December 16, 2004. See (Dkt. # 56). Two weeks past the deadline for filing memorandum in opposition, the Plaintiff filed a motion for 45 days in which to respond to the motion. See (Dkt. # 57). The Court granted the motion. The Plaintiff filed his memorandum in opposition on February 4, 2005 and the defendants filed their reply on February 11, 2005. See (Dkt. # 58; Dkt. # 62).

The Court thereafter received notice that Attorney Olivito was the subject of various disciplinary proceedings pending in the Supreme Court of Ohio. In addition, the Court observed in its review of the record that Attorney Paulson had not participated in any proceeding beyond filing an appearance. Indeed, the Court's review of the deposition transcripts revealed that defense counsel repeatedly enquired as to the whereabouts and role of Attorney Paulson.

In light of the procedural posture of the case, the Court scheduled a status conference to be held March 8, 2006. See (Dkt. # 66). The Court ordered that all parties and lead counsel appear in person. See (Dkt. # 66).

The matter came before the Court for a status conference on March 8, 2006 where Attorney Richard A. Olivito appeared on behalf of the Plaintiff, and Attorneys Hilary S. Taylor and James E. Sanders appeared on behalf of the defendants. Neither the Plaintiff nor Attorney Paulson appeared before the Court.

During the status conference, Attorney Olivito indicated that Attorney Paulson was no longer counsel in this matter. In addition, Attorney Olivito indicated that the Plaintiff was not present for the status conference.

The Court again issued an order to show cause as to why this case should not be dismissed for failure to prosecute in light of the Plaintiff's failure to appear. See (Dkt. # 67). The Court directed the Clerk of Court to mail the order to the Plaintiff at an address provided by Attorney Olivito (109 Esther Drive, Warren, Ohio 44483). See (Dkt. # 67). The Court further ordered Attorney Olivito to secure co-counsel by March 17, 2006. See (Dkt. # 67).

On March 14, 2006, the Clerk of Court received a return mail notice indicating "Return to Sender. No such number. Unable to forward" regarding the order sent to the Plaintiff's address. See (Dkt. # 68). Attorney Olivito thereafter contacted the Court and indicated that he had obtained a new address for the Plaintiff (680 Lerner St. Ave. S.W., Warren, Ohio 44485). Attorney Olivito further indicated, however, that he had attempted to visit the address the day prior and was unable to locate the Plaintiff.

On March 17, 2005, Attorney Olivito filed a Motion for Pro Hac Viche [sic] on behalf of Attorney C. William Hinnant Jr. in the above captioned matter.[2] See (Dkt. # 69). Attorney Olivito also filed a Motion to Stay Order to Show Cause or to Grant Time for New Counsel to Review Case Docket/Materials. See (Dkt. # 70).

## II. LAW AND ANALYSIS

This Court has three sources of authority upon which dismissal as a sanction may be imposed. See Coleman v. American Red Cross, 23 F.3d 1091 (6th Cir. 1994). The first is found in FED. R. CIV. P. 16(f) which permits sanctions consistent with Rule 37(b)(2)(B), (C), and (D). This includes the failure of an attorney or party to appear at a scheduling or pretrial conference. In addition, FED. R. CIV. P. 41(b) grants the district court additional authority to dismiss a case for violation of an order of the court. Finally, a district court has inherent power to "protect[] the due and orderly administration of justice and . . . maintain[] the authority and dignity of the court . . . ." Cooke v. United States, 267 U.S. 517, 539 (1925).

---

[2] While the motion was filed in the above-captioned action, it refers therein to Kimble v. Hoso. It also is unclear from the record whether counsel is "C. William Hinnant Jr." or "William C. Hinnant Jr." as the papers filed utilize both spellings.

Regardless of the basis for the district court's dismissal, the analysis under all three sources of authority is reducible to a single standard. As noted in Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980), quoting J. F. Edwards Constr. Co. v. Anderson Safeway Guardrail Corp., 542 F.2d 1318, 1323 (7th Cir. 1976), "the key is a failure to prosecute, whether styled as a failure to appear at a pretrial conference, failure to file a pretrial statement, failure to prepare for conference, or failure to comply with the pretrial order."

The dismissal of "a claim for failure to prosecute 'is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" Stough v. Mayville Cmty. Schs., 138 F.3d 612, 614-15 (6th Cir. 1998) (quoting Carter, 636 F.2d at 161 (6th Cir. 1980)). Four factors guide this Court in determining whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999).

In the present case, the Court confronts a scenario where the Plaintiff's conduct – as opposed to counsel – is at issue. See Harmon v. CSX Transp., Inc. 110 F.3d 364, 367 (6th Cir. 1997) (holding that the four factors have been applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal."); but see, Link v. Walbash R. Co., 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust

penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Turning to the four factors, for a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2001) (citation and quotation marks omitted) (alteration in original).

> Local Civil Rule for the Northen District of Ohio 16.3(d) states, in pertinent part:
>
> The parties, each of whom will have settlement authority and the lead counsel of record shall participate in the Status Conference. The parties shall participate in person unless, upon motion with good cause show or upon its own motion, the Judicial Officer allows the parties to be available for telephonic communication. Counsel, upon good cause shown, may seek leave to participate by telephone.

LR 16.3 (d). Beyond the Local Rule, the orders issued by Magistrate Judge Limbert and this Court explicitly required the parties to personally appear before the Court. It is undisputed that the Plaintiff was neither excused nor present before the Court.

The Court finds that the Plaintiff's conduct in this case is neither willful nor negligent. Save for one purported telephone call to Attorney Carlin, the Plaintiff has been non-existent. He did not appear for the settlement conference/mediation before Magistrate Judge Limbert. Indeed, counsel indicated that they had not made contact with the Plaintiff prior to that conference. He did not appear for the status conference before this Court. The address initially provided by counsel was returned to the Court as undeliverable. While counsel has

provided another address for the Plaintiff, said counsel also has indicated that he has been unable to locate the Plaintiff at that address. At the very least, the Plaintiff's conduct amounts to extreme fault.

The second factor that the court must consider is "whether the adversary was prejudiced by the dismissed party's conduct." Knoll, 176 F.3d at 363. See Harmon, 110 F.3d at 368 (holding that the defendant was prejudiced by the plaintiff's failure to cooperate in discovery because the defendant "wasted time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide"). The defendants, through their representatives, have appeared before this Court on every occasion. The defendants appeared for the mediation before Magistrate Judge Limbert. The defendants appeared for the status conference before this Court.

Attorney Olivito's most recent motion attempts to salvage the Plaintiff's claims by requesting additional time for new counsel to review the file. The request ignores the pressing matter before this Court – namely, the Plaintiff's persistent failure to appear. Neither Attorney Olivito nor new counsel appear to know the Plaintiff's whereabouts. It follows that additional time to "review the case files and record" would achieve only further delay and expense in an action that appears to be of no concern to the Plaintiff.

The United States Court of Appeals for the Sixth Circuit has repeatedly "reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." Harris v. Callwood, 844 F.2d 1254, 1256 (6th

Cir. 1988). Here, the Plaintiff has been informed directly by the Court on two occasions that his continued failure to appear potentially would result in the dismissal in this case. Indeed, the Court ordered that clerk mail the notice to an address provided by Plaintiff's counsel. There is little more that the Court can do to provide notice to this Plaintiff. Moreover, the Plaintiff responded to this Court's prior notice regarding the failure to appear at the settlement conference/mediation by communicating with Attorney Carlin. The Plaintiff has not made this minimal step in response to the Court's pending order to show cause.

Finally, the Court must consider whether a less drastic sanction may be warranted. In light of Plaintiff's repeated failure to appear, it is difficult to conceive the manner in which any other sanction imposed by the Court would impact the Plaintiff's conduct. The Plaintiff has not responded in any discernible manner to the Court's order to show cause – therefore, it is highly unlikely that any order imposing a lesser sanction would trigger a response.

Attorney Olivito's last ditch effort to spare the dismissal of this case targets the pending motion for summary judgment. Attorney Olivito is well-aware that the Court has refrained from issuing a determination regarding said motion in light of his repeated failure to secure co-counsel and the ongoing disciplinary proceedings. In any event, this ill-advised reliance on responsive papers initially filed more than several weeks beyond the deadline lacks any bearing on the failure of the Plaintiff to respond to this Court's order to show cause.

Based on the foregoing reasons, the Court hereby orders that the Plaintiff has failed to respond in any manner to the pending order to show cause. Accordingly, the Court hereby orders that the above-captioned matter shall be **DISMISSED** for failure to prosecute.

>**s/ Peter C. Economus - March 20, 2006**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**